UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-0004 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| EDDIE WEST CRENSHAW, | |
| Defendant. | |

Katharine T. Buzicky, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Keala C. Ede, FEDERAL DEFENDER'S OFFICE, for defendant.

Defendant Eddie West Crenshaw is serving a 108-month sentence after pleading guilty to being a felon in possession of a firearm. ECF Nos. 33, 70. This matter is before the Court on Crenshaw's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 77. For the reasons that follow, the Court denies Crenshaw's motion.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" According to a policy statement issued by the Sentencing Commission, the court must also find that "the defendant is not a danger to the safety of any other

person or to the community" and that "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application notes list several examples of extraordinary and compelling reasons that justify a sentence reduction, including "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, cmt. n.1(A)(ii). The policy statement also includes a catch-all provision for cases in which "there exists . . . an extraordinary and compelling reason other than, or in combination with," the reasons specifically described by the policy statement. *Id.* § 1B1.13, cmt. n.1(D); *see United States v. Warren*, 456 F. Supp. 3d 1083, 1085–86 (D. Minn. 2020) (applying § 1B1.13 to compassionate-release motions under the First Step Act, but declining to apply the outdated provision requiring that the Director of the Bureau of Prisons make the determination that the catch-all provision applies).

Crenshaw argues that he suffers from a number of health conditions that present "extraordinary and compelling reasons" to reduce his sentence in light of the COVID-19 pandemic, including stage-three chronic kidney disease, hypertension, hyperlipidemia, prediabetes, gastro-esophageal reflux disease, and a body mass index of 29. ECF No. 88 at 56. According to guidelines from the Centers for Disease Control and Prevention,

Crenshaw's chronic kidney disease places him at "increased risk of severe illness from the virus that causes COVID-19."[1] The government concedes—and the Court agrees—that Crenshaw's chronic kidney disease is an "extraordinary and compelling reason" for a sentence reduction. *See United States v. Anderson*, No. 99-229(1) ADM/AJB, 2020 WL 6705694, at *3–4 (D. Minn. Nov. 13, 2020) (finding defendant with chronic kidney disease, obesity, and heart problems presented an extraordinary and compelling reason for sentence reduction); *United States v. Walker*, No. 11-cr-381 (SRN/HB), 2020 WL 4194677, at *4–5 (D. Minn. June 26, 2020) (collecting cases on the dangerousness of COVID-19 for defendants with chronic kidney disease).

The Court must nevertheless deny Crenshaw's motion because his release would be inconsistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors). Crenshaw was convicted of being a felon in possession of a firearm—a serious offense made even more serious by the circumstances of his arrest. After a police officer attempted to pull over Crenshaw for speeding, Crenshaw initiated a dangerous, high-speed chase through a residential neighborhood, driving recklessly and violating numerous traffic laws. PSR ¶ 6. Crenshaw easily could have killed an innocent bystander or the police officer pursuing

---

[1] Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, (Nov. 2, 2020) http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

him. Crenshaw eventually crashed his car into a house and continued to flee on foot; when he was finally apprehended, the officer discovered that Crenshaw possessed a loaded gun and cocaine base. PSR ¶¶ 6–7. Crenshaw's gun was linked to an earlier shooting, and Crenshaw was overheard saying that he had wiped down the gun in an effort to eliminate fingerprints. PSR ¶¶ 8–9.

In addition to the offense for which he is now in prison, Crenshaw has a vast criminal record with 44 prior convictions. *See* PSR ¶¶ 32–75. At sentencing, Crenshaw was found to have 51 criminal-history points, which may be the highest score the Court has ever seen. This total is all the more remarkable in light of the fact that 25 of Crenshaw's 44 prior criminal convictions were not assigned any criminal-history points. ECF No. 74 at 11:8–16. Among Crenshaw's prior convictions are 4 for assault, 11 for burglary, 7 for theft, and 8 for lying to police officers. PSR ¶¶ 32–33, 35–36, 38, 40–41, 44, 46, 52, 54–55, 57–65, 67–75.

Crenshaw points out that 40 of his 44 prior convictions were non-violent, and that his four convictions involving violence are quite old.[2] Crenshaw is correct, but § 3553(a) requires the Court to protect the public—not just from crimes of violence, but from being burglarized, or being victims of theft, or being endangered by a felon with a

---

[2] Crenshaw's four assault convictions are from 1985, 2003, 2005, and 2009. PSR ¶¶ 33, 54, 58, 69.

handgun who tries to escape apprehension by driving at high speeds through a residential neighborhood.

Crenshaw has demonstrated that he is simply unable to obey the law, even when he is under court supervision (as he was at the time he committed the crime for which he is now in prison). Crenshaw has violated the terms of probation or supervised release on numerous occasions, including by absconding from supervision. *See, e.g.*, PSR ¶¶ 34, 41, 44, 55–56, 61, 75. Reducing Crenshaw's sentence to time served—and requiring him to serve not even half of his sentence[3] —would not reflect the seriousness of his offense, afford adequate deterrence, or adequately protect the public. ECF No. 88 at 202.

Crenshaw also argues that, despite his long and serious criminal record, he has been rehabilitated. As evidence of his rehabilitation, Crenshaw notes that he has had only one disciplinary infraction since 2017, he has started BOP educational programming, and he has reconnected with his family. ECF Nos. 83; 88 at 191–93. (Crenshaw does not mention that he assaulted another inmate in 2016 while awaiting

---

[3]Crenshaw argues that the length of his sentence is an outlier for felon-in-possession convictions and should be reduced to avoid disparities among defendants. Crenshaw ignores the fact that his off-the-charts criminal record and the egregious circumstances surrounding his arrest make him an outlier among felon-in-possession defendants. *See* ECF No. 74 at 10–12, 28–31. Crenshaw does not point to any defendants "with *similar* records who have been found guilty of *similar* conduct" who received materially shorter prison sentences. 18 U.S.C. § 3553(a)(6) (emphasis added).

sentencing in this case.  PSR ¶ 2.)  Crenshaw deserves credit for taking concrete steps to turn his life around, but the Court must balance these efforts against the rest of Crenshaw's record.  Crenshaw's efforts at rehabilitation, while praiseworthy, do little to persuade the Court that he will comply with the law after he is released from prison.

Finally, Crenshaw argues that his risk of recidivism is reduced due to his age (53 years) and the symptoms of his chronic kidney disease.  But Crenshaw was just shy of 50 years old when he committed the crime for which he is now in prison.  Crenshaw's age and declining health "do not overcome his lifelong disregard for the law" and do not assuage the Court's concern "that he will have difficulties with complying with the law and with the conditions of supervised release."  *United States v. Wyatt*, No. CR97-3015-LTS, 2020 WL 3643467, at *10 (N.D. Iowa July 6, 2020) (rejecting argument that the defendant's poor health made him less of a threat to the public).

For these reasons, Crenshaw's motion for compassionate release is denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Eddie Crenshaw's motion for compassionate release [ECF No. 77] is DENIED.

Dated: November 20, 2020         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge